1  BROWNE GEORGE ROSS LLP
   Peter W. Ross (State Bar No. 109741)
2    pross@bgrfirm.com
   Keith J. Wesley (State Bar No. 229276)
3    kwesley@bgrfirm.com
   Elena Nutenko (State Bar No. 289708)
4    enutenko@bgrfirm.com
   2121 Avenue of the Stars, Suite 2400
5  Los Angeles, California 90067
   Telephone: (310) 274-7100
6  Facsimile: (310) 275-5697

7  Attorneys for Plaintiff YYGM S.A., d/b/a
   Brandy Melville

8

9            UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12 | YYGM S.A., a Swiss corporation,          | Case No. 2:15-CV-236-JAK(PJWx)
   |                                           | The Hon. John A. Kronstadt
13 |             Plaintiff,                    | Magistrate Judge Patrick J. Walsh
   |
14 |       vs.                                 | **DISCOVERY MATTER**
   |
15 | DOUBLE AGENT CALIFORNIA,                  | **STIPULATED PROTECTIVE**
   | LLC, a California limited liability       | **ORDER GOVERNING**
16 | company; GRUPO COMDIFIL, S.L., a          | **DISCOVERY**
   | Spanish company; JULIAN IMAZ              |
17 | VILLAR, an individual, DOES 1-10,         | Pretrial Conf.:  February 1, 2016
   |                                           | Trial Date:  February 16, 2016
18 |             Defendants.                   |

19

20

21

22

23

24

25

26

27

28

529356.1

1

2

3

4

5

6

7

8

9        UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

| | |
|---|---|
| 12 YYGM S.A., a Swiss corporation,<br><br>13        Plaintiff,<br><br>14        vs.<br><br>15 DOUBLE AGENT CALIFORNIA,<br>LLC, a California limited liability<br>16 company; GRUPO COMDIFIL, S.L., a<br>Spanish company; JULIAN IMAZ<br>17 VILLAR, an individual, DOES 1-10,<br><br>18        Defendants. | Case No. 2:15-CV-00236 (JAK) (PJW)<br>The Hon. John A. Kronstadt<br>Magistrate Judge Patrick J. Walsh<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE<br>ORDER GOVERNING<br>DISCOVERY**<br><br>Pretrial Conf.:  February 1, 2016<br>Trial Date:  February 16, 2016 |

19

20

21

22

23

24

25

26

27

28

529356.1

-1-

[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY

# **PROTECTIVE ORDER**

The Court, finding that the order requested by the Plaintiff YYGM S.A. and Defendant Double Agent California, LLC (collectively, the "Parties" and singularly, a "Party")) is proper and desirable in the circumstances of above-captioned case (hereinafter, the "Action"), and good cause appearing therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, makes the following Order for the benefit of all parties and witnesses to govern the course of the proceedings in this case:

1.      The following definitions shall apply to this Order:

(a)      "Confidential Information" shall mean and refer to any information that has not been made public and the disclosure of which may cause harm to the person or entity from which the information is obtained, including, but not limited to, documents and/or data that is considered in good faith by the designating party to constitute a trade secret (as defined in California Civil Code § 3426.1), confidential information, and/or proprietary business or technical information.  The designation made by a party or non-party shall be a certification to the Court and to the other parties that such information is believed in good faith to be confidential within the meaning of this Protective Order.

(b)      "Confidential for Attorneys' Eyes Only Information" shall mean and refer to any Confidential Information that is considered in good faith by the designating party to be so highly sensitive that disclosure to persons other than limited and specified individuals could cause undue risk of substantial and immediate injury to the business of the producing party.  The designation made by a disclosing party or non-party shall be a certification to the Court and the other parties that such information is believed to be highly sensitive Confidential Information and subject to this more restrictive classification within the meaning of this Protective Order.

1        (c)    "Qualified Persons" entitled to view or receive Confidential

2   Information not designated Confidential for Attorneys' Eyes Only Information shall

3   be limited to:

4        i.    Outside counsel to any Party to the Action and those

5   employees of the Parties' counsel who need to see such Confidential Information in

6   order to perform their jobs, including the paralegals, clerical staff, secretarial staff,

7   and other support personnel employed by such counsel;

8        ii.    Not more than two officers, employees or in-house

9   counsel of the Parties to this Action, who are reasonably necessary to assist counsel

10  in this Action and who have executed a Written Assurance statement in substantially

11  the form described in with paragraph 2 below;

12       iii.    Any persons who appear on the face of the Confidential

13  Information as an author, addressee or prior recipient thereof;

14       iv.    Expert witnesses or consultants retained or employed by

15  the Parties or their respective attorneys solely for the purpose of assisting counsel in

16  the prosecution, defense or settlement of this Action, and the employees of such

17  experts or consultants who are assisting them, who have executed a Written

18  Assurance statement in substantially the form described in paragraph 2, below;

19       v.    The United States District Court for the Central District of

20  California and its personnel, the United States Court of Appeals for the Ninth

21  Circuit and its personnel, and any other court of competent jurisdiction having

22  involvement in this matter and its personnel;

23       vi.    Court reporters, stenographers, and video

24  reporters/videographers who are retained to transcribe or videotape testimony,

25  including depositions, in the Action;

26       vii.    Any designated arbitrator who is assigned to hear and

27  adjudicate the above-captioned Action, or any mediator who is assigned to mediate

28  the above-captioned Action or consulted by agreement of the Parties in any attempt

1  to settle this matter, and any of their respective personnel;

2  viii.   Witnesses at any deposition or other proceeding in this

3  Action, wherein for purposes of the witnesses' testimony it is necessary to show

4  Confidential Information to the witness during the course of their testimony and the

5  witness being advised of the need to keep the records confidential and agreeing to

6  comply with paragraph 2 below; and/or

7  ix.   Any other person to whom the parties agree in writing.

8  (d)   "Qualified Persons" entitled to view or receive Confidential for

9  Attorneys' Eyes Only Information shall be limited to:

10  i.   Outside counsel to any party to the Action and those

11  employees of the Parties' counsel who need to see such Confidential for Attorneys'

12  Eyes Only Information in order to perform their jobs, including the paralegals,

13  clerical staff, secretarial staff, and other support personnel employed by such

14  counsel;

15  ii.   Any persons who appear on the face of the Confidential

16  for Attorneys' Eyes Only Information as an author, addressee or prior recipient

17  thereof;

18  iii.   Expert witnesses or consultants who are not (current or

19  former) employees of any Party or a Party's competitor, who are retained or

20  employed by the Parties or their respective attorneys solely for the purpose of

21  assisting counsel in the prosecution, defense or settlement of this Action, and the

22  employees of such experts or consultants who are assisting them, to the extent

23  counsel of record in good faith believes such disclosure is required to assist in the

24  prosecution, defense or resolution of this Action, who have executed a Written

25  Assurance statement in substantially the form described in with paragraph 2, below;

26  iv.   The United States District Court for the Central District of

27  California and its personnel, the United States Court of Appeals for the Ninth

28  Circuit and its personnel, and any other court of competent jurisdiction having

1   involvement in this matter and its personnel;

2           v.      Court reporters, stenographers, and video

3   reporters/videographers who are retained to transcribe or videotape testimony,

4   including depositions, in the Action;

5           vi.     Any designated arbitrator who is assigned to hear and

6   adjudicate the above-captioned Action, or any mediator who is assigned to mediate

7   the above-captioned Action or consulted by agreement of the Parties in any attempt

8   to settle this matter, and any of their respective personnel;

9           vii.    Witnesses at any deposition or other proceeding in this

10  Action, during the course of their testimony, whom counsel for a Party legitimately

11  believes may, might or could have knowledge of the contents of the document

12  designated Confidential for Attorneys' Eyes Only or the specific events,

13  transactions, discussions, or data reflected in the document, and upon the witness

14  being advised of the need to keep the records confidential and agreeing to comply

15  with paragraph 2 below; and/or

16          viii.   Any other person to whom the parties agree in writing.

17      2.      Prior to receiving information designated as Confidential Information

18  or Confidential for Attorneys' Eyes Only Information, all Qualified Persons

19  identified in Paragraph 1(c), subparagraphs (iv), (vii), (viii) or (ix), or Paragraph

20  1(d), subparagraphs (iii), (vi), (vii) or (viii), shall be provided with a copy of this

21  Protective Order and shall sign a Written Assurance statement in substantially the

22  following form:

23          "I [name], [position of employment], hereby acknowledge that

24          any information provided to me is subject to the terms and conditions

25          of the Protective Order in Case No. 2:15-CV-00236 (JAK) (PJW),

26          pending in the United States District Court for the Central District of

27          California.

28          "Having been given a copy of the Protective Order, and having

-4-

read and understood its contents, I hereby expressly agree to be bound by and comply with the terms and provisions thereof.  I further agree that I will not disclose documents or information designated Confidential Information or Confidential For Attorneys' Eyes Only Information except as specifically permitted by the terms of the Protective Order, and that I will use the documents or information solely for purposes of this litigation in accordance with the Protective Order.  I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the aforesaid Protective Order."

The original of the executed written assurance shall remain in the possession of the attorney who makes the disclosure of the Confidential Information or the Confidential for Attorneys' Eyes Only Information until the Parties agree in writing to the contrary.

3.    The production of any material or information during discovery in this Action shall be without prejudice to any claim that such is privileged as a trade secret or confidential and proprietary business information, or protected by the right of privacy, and no party shall be held to have waived these privileges or right by such production.

4.    Whenever during the course of discovery in this matter a Party or witness is properly requested to disclose, or voluntarily discloses, materials or information that a party considers to be Confidential Information or Confidential Attorneys' Eyes Only Information, that Party shall indicate at or before the time of disclosure that the information or materials are Confidential Information or Confidential for Attorneys' Eyes Only Information by marking the information or materials as such or putting some other similar designation thereon, or by indicating in some other appropriate fashion that the information or materials produced are subject to this protective order.

1    Inadvertent failure to designate material as "Confidential" or "Confidential--
2  For Attorneys' Eyes Only" under this Order shall not operate as waiver of the
3  Party's right to subsequently designate such material as "Confidential" or
4  "Confidential--For Attorneys' Eyes Only."  Parties may designate materials as
5  "Confidential" up to 30 days after such inadvertent disclosure has occurred.
6  Deposition transcripts shall be treated as "Confidential – For Attorneys' Eyes Only"
7  for a period of 20 days after receipt from the Court Reporter.  Within said 20 day
8  period counsel for any Party or third party deeming any testimony or other
9  information to be "Confidential" or "Confidential – Attorneys' Eyes Only" shall
10  provide opposing counsel with a written designation of those portions of the
11  transcript which are to be deemed "Confidential" or "Confidential Attorneys' Eyes
12  Only."  To the extent that no such designation is provided within the requisite 20-
13  day period, and the Parties have not agreed in writing to an extension, then the entire
14  deposition transcript shall be considered not "Confidential" or "Confidential
15  Attorneys' Eyes Only."

16    Parties shall give the other Parties notice if they reasonably expect a
17  deposition, hearing or other proceeding to include Confidential Information or
18  Confidential for Attorneys' Eyes Only Information or documents so that the other
19  Parties can ensure that only authorized individuals who have executed a Written
20  Assurance statement in substantially the form described in Paragraph 2, above, are
21  present at those proceedings.  The use of a document as an exhibit at a deposition
22  shall not in any way affect its designation as Confidential Information or
23  Confidential for Attorneys' Eyes Only Information.

24    5.    Materials or information designated as Confidential Information or
25  Confidential for Attorneys' Eyes Only Information, including any summaries,
26  copies, abstracts, compilations or any other format reproducing or capturing any of
27  the Confidential Information or Confidential for Attorneys' Eyes Only Information,
28  shall be treated in accordance with the terms of this Protective Order and shall be

-6-

used by the Parties, their respective agents, and any other persons to whom such Confidential Information or Confidential for Attorneys' Eyes Only Information may be disclosed pursuant to this Protective Order, only for the prosecution, defense or settlement of this Action, and for no other purposes, including but not limited to business and other litigation purposes. Notwithstanding the foregoing, nothing in this Protective Order shall prevent or limit the ability of either party to disclose Confidential Information or Confidential for Attorneys' Eyes Only Information lawfully obtained by such Party independent of discovery in this Action, whether or not such material is also obtained through discovery in this Action, or from disclosing its own Confidential Information or Confidential for Attorneys' Eyes Only Information to any person as it deems appropriate.

6.     If any Party or their counsel is served with a subpoena requiring production of any Confidential Information or Confidential for Attorneys' Eyes Only Information such Party shall send via facsimile or email, within three (3) court days, a copy of the subpoena to the attorney for the producing Party. The Parties agree that the producing Party shall have five (5) court days from receipt of the facsimile or email within which to file a motion objecting to the subpoena or to seek other relief after receiving the notice referred to above. If a motion objecting to the subpoena is timely filed, the subpoenaed Party shall not produce the material until after the court rules on such motion, unless required to do so pursuant to court order (other than the subpoena itself) or other applicable law.

7.     When briefs, memoranda or other documents or things containing Confidential Information or Confidential for Attorneys' Eyes Only Information are filed with the Court, those briefs, memoranda or other documents or things must first be lodged in the chambers of the Magistrate Judge or the District Judge, along with a request that the materials be approved for filing under seal. The request to file documents under seal should meet the requirements of Local Rule 79-5. If the Magistrate Judge or the District Judge approves this request, and orders that the

documents may be filed under seal, the documents shall then be filed under seal. However, should the Magistrate Judge or the District Judge decline to allow the documents or things to be filed under seal, nothing in this Order shall prevent the filing party from submitting the documents or things to the Court in an unsealedfiling.

8.     Should any document(s) containing Confidential Information or Confidential for Attorneys' Eyes Only Information be inadvertently filed without the designation referred to in paragraph 4, the Party filing the document(s) shall, upon discovering the error or upon written notification of the error, promptly ask the Court to allow it to withdraw the documents, and will then follow the procedures required by paragraph 7, above.

9.     Agreement to this protective order is not a consent or admission as to the actual confidentiality of any material.  Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed

The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.

In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the producing Party an

-8-

1  opportunity to review the designated material, to reconsider the circumstances, and,

2  if no change in designation is offered, to explain the basis for the chosen

3  designation. A challenging Party may proceed to the next stage of the challenge

4  process only if it has engaged in this meet and confer process first or establishes that

5  the producing Party is unwilling to participate in the meet and confer process in a

6  timely manner.

7         If the Parties cannot resolve a challenge without court intervention, a

8  challenging Party may challenge the designation of any material or information as

9  Confidential Information or Confidential for Attorneys' Eyes Only Information, by

10  moving the Court for an order changing such designation and/or releasing the

11  material from the provisions of this Order.  Each such motion must be accompanied

12  by a competent declaration affirming that the movant has complied with the meet

13  and confer requirements imposed in the preceding paragraph.

14         The Court, upon notice to the Parties and upon a showing of good cause, may

15  at any time order removal of the Confidential or Confidential for Attorneys' Eyes

16  Only Information designation from any materials or information, or otherwise

17  amend this Order.  However, until any such order is issued by the Court, the

18  material or information must continue to be treated as Confidential or Confidential

19  for Attorneys' Eyes Only Information according to its designation.

20         10.    A producing Party may give notice to another Party that it is

21  eliminating or changing a previous designation of material as "Confidential" or

22  "Confidential - For Attorneys' Eyes Only."  In that event, if the producing Party

23  does not wish the previous designation to be known, the producing Party shall

24  provide a new, redesignated copy of the documents or other material.  Such

25  redesignated copy will then be the only version of the documents that may be used

26  as an exhibit at trial or otherwise displayed to the court.  No mention shall be made

27  to the Court of the previous designation.

28         11.    Even after final disposition of this Action, the confidentiality

obligations imposed by this Order shall remain in effect until a producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice or (2) the entry of final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within 60 days after the termination or final disposition of this Action, as defined above, and the expiration of the time for appeal or final determination of any appeal, all originals and copies of any Confidential Information or Confidential for Attorneys' Eyes Only Information in the possession, custody or control of any person or entity (other than the courts identified in paragraphs 1(c)(v) and 1(d)(iv) above) shall be destroyed or returned to the Party who produced such document(s) or information.  In the event that the documents are destroyed, rather than returned, a letter to that effect shall be provided to counsel within the 60 day deadline. Notwithstanding the foregoing, each Party's outside counsel may maintain one copy of all documents containing "Confidential Information" or "Attorney's Eyes Only Information" for the sole purpose of maintaining complete and accurate files of this Action. Any such archival copies that contain or constitute "Confidential Information" or "Attorney's Eyes Only Information" remain subject to this Protective Order.

Confidential Information or Confidential for Attorneys' Eyes Only Information in the possession, custody, or control of the District Court shall be disposed of as follows:  Within 30 days after the termination or final disposition of this Action and the expiration of the time for appeal or final determination of any appeal, any Party to this Action may provide to the District Court a package containing the materials necessary, with postage prepaid, to return the Confidential Information or Confidential for Attorneys' Eyes Only Information to that party

(hereinafter "Return Package").  The party seeking return of the Confidential Information or Confidential for Attorneys' Eyes Only Information must be one of the parties to this Action, or its counsel, but need not be the actual owner of the information or the party that actually submitted the information to the Court.  The materials submitted to the Court in the Return Package shall include a list of the documents to be returned, and this list must be submitted to the other party at least one week prior to the expiration of the 30 day period referenced above.  Any Confidential Information or Confidential for Attorneys' Eyes Only Information returned pursuant to the foregoing procedure must be treated by the receiving party strictly in accordance with the terms of this Protective Order.  To the extent that the Parties do not seek the return of Confidential Information or Confidential for Attorneys' Eyes Only Information as set forth above, the District Court may dispose of such Confidential Information or Confidential for Attorneys' Eyes Only Information in any manner it deems proper.

12.     This Order shall be without prejudice to the right of the Parties to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  Further, this Order shall not affect the right of any Party or person subject to this Order to oppose production of Confidential Information or Confidential for Attorneys' Eyes Only Information on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege.  Moreover, this Order shall not affect the scope of discovery by any Party that is not otherwise proper under the Federal Rules of Civil Procedure. In addition, nothing in this Order shall prejudice the right of any Party or person subject to this Order to move the Court to broaden or restrict the rights of access to and use of particular Confidential Information or Confidential for Attorneys' Eyes Only Information, or to seek modifications of this Order upon due notice to all other Parties and affected or protected persons.

13.     If a Party inadvertently produces material that it considers to be protected by the attorney-client privilege, the work product doctrine or any other privileges or doctrines of similar effect, in whole or in part, or learns of the production of such material by a third party, the Party may retrieve such information as follows:

(a)     Within five (5) court days of the date of discovery by a Party of the inadvertent production by it or a third party, the Party asserting that an inadvertent production has occurred must give written notice to all other Parties that the Party claims the material, in whole or in part, is privileged or protected material; in addition, the notice must state the nature of the privilege or protection and the basis for asserting it.

(b)     Upon receipt of such notice, any Party who has received the subject documents or material shall promptly return all copies to the Party asserting inadvertent production.  In the event that only a part of a document is claimed to be privileged or protected, the Party asserting inadvertent production shall furnish to the other Parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice.

(c)     Any Party who has received the subject documents or material may contest the claim of privilege or inadvertence by filing a motion contesting the claim within ten (10) court days of receiving the notice under subparagraph (a) above.  During the pendency of such motion, the receiving Party need not return all copies of the produced documents or material to the Party asserting inadvertent production; however, the receiving Party may not use or disclose the material for any purpose other than prosecution of the motion challenging the privilege or protection claim.

(d)     The provisions of the above subparagraphs are without prejudice to any other rights that any Party may have with respect to challenging or defending

-12-

any claim of privilege.

14.   Non-parties who produce documents or materials or provide testimony in connection with this Action, whether in response to a subpoena or otherwise, may produce such documents or materials and/or testify pursuant to the protections afforded by this Order by complying with paragraph 2 above.

15.   The provisions of this Protective Order are subject to further Court order based upon public policy and other considerations.

16.   Without separate and subsequent Court order, this Protective Order does not change, amend, or circumvent any Court rule or Local Rule.

17.   All persons governed by this Order, by reviewing Confidential Information or Confidential Attorney's Eyes Only Information, or seeking the protections of this Order, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

Dated:  June 5, 2015

By: _____
      Hon. Patrick J. Walsh
      UNITED STATES MAGISTRATE JUDGE